## SPRINGFIELD FIRE & MARINE INS. CO. v. K. M. A. FUEL OIL CO.

### No. 9491.

Court of Civil Appeals of Texas. San Antonio.

Jan. 16, 1935.

Rehearing Denied Feb. 13, 1935.

T. M. West, Nat L. Hardy, and Frank B. Buchanan, all of San Antonio, for appellant.

Powell, Wirtz, Rauhut & Gideon, of Austin, for appellee.

BICKETT, Chief Justice.

Springfield Fire & Marine Insurance Company has appealed from a judgment in favor of K. M. A. Fuel Oil Company for $400 under a fire insurance policy covering an automobile truck destroyed by fire.

The principal issue is whether the change in the use of the truck took it out from under the coverage of the policy.

The form of the policy, denominated "Texas Automobile Policy," was executed September 1, 1932, insuring appellee against loss by fire or theft of seven automobile trucks, including the one in question. Under a section headed "Warranted by the Insured," it was stated that the automobile "is and will be used for the following purposes only: business." The policy provided that it should be void in the event of violation of any condition or warranty stipulated. Attached to the policy was a rider, bearing the caption "Commercial Fleet Form" and limiting the liability on the respective trucks and on this one, particularly, to $700.

This truck was formerly used by appellee to transport oil, but was used by appellee in its business to pump oil from a tank to other trucks from some time prior to the issuance of the policy until the time of the fire. A pump was installed on the truck and operated by the power from its engine. In this use of the truck, it remained stationary and was not operated as a vehicle, although it was intact, with the exception of two tires stolen, and could have been quickly returned to its former service. This use of the truck was known to appellant's agent when the policy was issued. It was not shown, nor even contended, that the use of the truck in the manner described contributed to bring about its destruction.

Article 4930, Revised Civil Statutes of Texas (1925) reads: "No breach or violation of the insured of any of the warranties, conditions or provisions of any fire insurance company contract of insurance or application therefor, upon personal property, shall render void the policy or contract, or constitute a defense to a suit for loss thereon, unless such breach of violation contributed to bring about the destruction of property."

■ Under this statutory provision, the breach or violation of a warranty in a fire insurance policy on personalty must contribute to the loss in order to avoid the policy. In this case there was no connection between the use of the truck and its destruction by fire. Therefore, the violation, if any, of the warranty, as a warranty, is immaterial.

■ A fire insurance policy which by its terms covers an automobile truck as an automobile and contains a warranty that the automobile will be used for the purpose of the insured's business is not to be so construed as to create an exception from the liability of the insurer in case the automobile, intact as such, is being put to a use other than that of a vehicle in the insured's business at the time of its destruction by fire. This truck was none the less used for the purpose of the insured's business simply because the character of its use was changed. Nor did the thing itself undergo a metamorphosis; it was still an automobile. As such, it was and remained covered by the policy. There is no language in the policy, considering each of its clauses and all of them together, that can be construed to mean that the insurer excepted from its liability a loss occurring while the automobile was used for some other purpose than as an automobile. No similar case has been cited by counsel or found by us. But there is no difficulty in applying the usual rules of construction and in reaching the conclusion stated.

The remaining assignment of error and proposition thereunder relating to the evidence of value are overruled.

The judgment of the county court is affirmed.